IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HAVTECH, LLC | * |
| | *     Civil No. CCB-22-1051 |
| v. | * |
| TOBEY-KARG SALES AGENCY, INC. | * |
| | * |

*************

## MEMORANDUM

Pending before the court is the plaintiff Havtech, LLC's motion for leave to file an amended complaint (ECF 29, Mot. for Leave to File an Amended Complaint). The motion has been fully briefed and no oral argument is required. *See* Local Rule 105.6 (D. Md. 2023). For the reasons stated below, Havtech's motion will be granted.

## BACKGROUND

This case arises out of six multi-territory Buy-Resell Commission agreements between the plaintiff Havtech, LLC ("Havtech") and the defendant Tobey-Karg Sales Agency, Inc. ("Tobey-Karg"). (ECF 1, Compl. ¶ 14). Both parties are in the business of marketing and selling commercial heating, ventilation, and air-conditioning ("HVAC") equipment in the construction industry. (*Id.* ¶ 1). Havtech's and Tobey-Karg's sales territories are adjacent – Havtech's sales territory spanning the entire state of Maryland except Allegany and Garrett counties, the District of Columbia, and several counties in Northern Virginia, and Tobey-Karg's sales territory spanning Allegany County, Maryland, Garrett County, Maryland, and several counties in Pennsylvania. (*Id.* ¶ 8). At all times pertinent to this action, Havtech and Tobey-Karg were sales representatives for an HVAC equipment manufacturer known as AAON, Inc. ("AAON"). (*Id.* ¶ 6). AAON and its sales representatives use two different types of sales transactions, one type being "Buy-Resell"

transactions and the other being "Orders Taken in the Company's Name" transactions. (*Id.* ¶ 9). For Buy-Resell transactions, the sales representative purchases the equipment from AAON and in turn sells it to the customer. (*Id.*). Sales representative earnings in this type of transaction are based upon gross margin, i.e., the difference between the amount paid by the customer to the reseller for the equipment and the amount paid by the reseller to AAON for the equipment. (*Id.* ¶ 12). When only one sales representative is involved in the transaction, that entity retains the gross margin in its entirety, but when more than one sales representative is involved in the transaction, also known as a Multi-Territorial Buy-Resell transaction, the re-seller pays a portion of the gross profit to the other entity involved in the transaction. (*Id.*). Multi-Territorial Buy-Resell transactions most often occur when the owner of the project and/or the mechanical engineer who prepares the specifications expresses a preference for an AAON product as the result of the efforts of a sales representative located in one territory but the actual purchaser, e.g., the mechanical contractor, is located in another sales territory. (*Id.* ¶ 11). AAON will not process a Multi-Territorial Buy-Resell Order unless there is a written agreement between the sales representatives as to how the gross margin will be proportioned (a "Multi-Territory Buy-Resell Agreement"). (*Id.* ¶ 13).

On April 28, 2022, Havtech commenced this action by filing a complaint in this court asserting six breach of contract claims which allege that Tobey-Karg failed to abide by the Multi-Territory Buy-Resell Agreements in place and pay Havtech various agreed upon amounts. (*Id.* ¶¶ 16-45). In these instances, Tobey-Karg was the reseller and Havtech had influenced the sale via the mechanical engineer whose design favored AAON products. (ECF 29-1, Memo. in Support at 3). On March 31, 2023, Havtech filed its motion for leave to file an amended complaint seeking to add an additional count, Count VII, which asserts an alternative theory of liability, unjust enrichment, as to the Brunswick elementary school project addressed in Count V. (*Id.* at 3-4).

Count VII, however, is based upon the same set of facts as Count V and seeks the same relief. (*Id.* at 4). According to Havtech, the request to amend the complaint "is based upon a realization that Tobey-Karg will (or may) be intending to argue at trial that the signed Multi-Territory [ ] Agreement is not an agreement to pay Havtech [ ], but rather no more than an acknowledgement that if the ultimate sale had been an Order Taken in the Company's Name, Havtech would have been entitled to a commission payment from AAON [ ]." (*Id.* at 8). On April 13, 2023, Tobey-Karg filed its response (ECF 30), and on April 27, 2023, Havtech filed its reply (ECF 31).

## LEGAL STANDARD

Federal Rule of Civil Procedure Rule 15(a)(2) provides that "the court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Denial of leave to amend is appropriate '*only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)) (emphasis in original). The Fourth Circuit's policy is to liberally allow amendment. *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). In this case Havtech's motion to amend was filed after the deadline for amendment of pleadings set forth in the scheduling order. Accordingly, Havtech must satisfy the good cause standard of Rule 16(b) to justify the amendment of the pleadings. *See Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 297 (4th Cir. 2008).

## ANALYSIS

On June 10, 2022, this court issued the first scheduling order in this case setting a July 12, 2022, deadline for joinder of additional parties and amendment of pleadings. (ECF 13, Scheduling Order at 1). While this court later granted three requests to modify the scheduling order, (*see* ECFs

15, 19, 25), the deadline to amend the pleadings never changed. The discovery deadline, however, did change, ultimately from January 13, 2023, (*see* ECF 13), to July 30, 2023, (*see* ECF 25). Thus, Havtech moved to amend about four months before the deadline for discovery, but more than 8 months after the deadline to amend the pleadings.

In considering whether good cause has been shown, "[t]he Court focuses 'less . . . on the substance of the proposed amendment and more . . . [on] the timeliness of the motion to amend and the reasons for its tardy submission.'" *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 520 (D. Md. 2014) (quoting *CBX Techs., Inc. v. GCC Techs., LLC,* No. JKB-10-2112, 2012 WL 3038639, at *4 (D. Md. July 24, 2012)) (alterations in original). "Specifically, the court considers whether the moving party acted in good faith, the length of the delay and its effects, and whether the delay will prejudice the non-moving party." *Id.* (citing *Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757, 768-69 (D. Md. 2010)).

The court first notes that despite failing to comply with the applicable deadline to amend the pleadings, Havtech nevertheless moved to amend the complaint while discovery was ongoing. Havtech also offers an explanation for delay and asserts that it is acting in good faith, as it discloses that the request to amend the complaint "is based upon a realization that Tobey-Karg will (or may) be intending to argue at trial that the signed Multi-Territory [ ] Agreement is … no more than an acknowledgement that if the ultimate sale had been an Order Taken in the Company's Name, Havtech would have been entitled to a commission payment from AAON [ ]." (Memo. in Support at 8). Tobey-Karg does not dispute that Havtech is acting in good faith, (ECF 30 at 9), but as far as delay is concerned, Tobey-Karg argues that "Havtech should have sought a further modification of the deadline for amendments to pleadings when it last sought to modify the scheduling order on

4

March 22," (*id.* at 10). Havtech counters and notes that it told Tobey-Karg it intended to file the motion to amend the complaint on March 9, 2023. (ECF 31-3, Exhibit C).

Furthermore, there is little indication of any prejudice to Tobey-Karg. Count VII is based upon almost identical facts as are alleged in Count V and seeks the same relief. (Memo. in Support at 7). Trial is not imminent such that Tobey-Karg would be unfairly prejudiced by extended discovery, if any remains necessary. Lastly, the amendment is not futile. Futility "does not involve 'an evaluation of the underlying merits of the case.'" *Kolb v. ACRA Control, Ltd.*, 21 F. Supp. 3d 515, 522 (D. Md. 2014). "Rather, 'the merits of the litigation' are only relevant to the [c]ourt's ruling on a motion for leave to amend if 'a proposed amendment may clearly be seen to be futile,' such as 'if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards.'" *Id.* That is not the case here. Havtech's unjust enrichment claim has facial plausibility as the factual content pled could withstand a Rule 12(b)(6) motion.

## CONCLUSION

While Havtech could have acted sooner, there has been no bad faith and the proposed amendment is neither prejudicial nor futile. Accordingly, the motion for leave to file an amended complaint will be granted. A separate Order follows.

| | |
|---|---|
| 9/1/2023 | /s/ |
| Date | Catherine C. Blake |
| | United States District Judge |